I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Plaintiff ~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 3-24-11

DEPUTY CLERK



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION
MAR 2 4 2011
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD POIRIER,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF NORTH HOLLYWOOD, et al.,<br><br>    Defendants. | Case No. CV 11-2030-JVS (RNB)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

    Plaintiff lodged for filing this pro se civil rights action on March 9, 2011. Plaintiff subsequently was granted leave to proceed in forma pauperis.

    Plaintiff's claims purport to arise out of an incident that occurred on November 18, 2008. Plaintiff is purporting to state claims for violation of his federal civil rights, as well as claims under state tort law.

    Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action filed without prepayment of the filing fee if the Court determines that the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.

    The Court's screening of the Complaint under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2)

insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Since plaintiff is appearing pro se, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether the Complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

After careful review and consideration of the allegations of the Complaint under the relevant standards, the Court finds that it fails to state a federal civil rights claim on which relief may be granted and fails to state a state tort claim upon which relief may be granted. The Complaint therefore is dismissed with leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a pro se litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment).

## A. **It appears from the face of the Complaint that plaintiff's federal civil rights claims are barred by the applicable statute of limitations.**[1]

---

[1] Under both the pre-Prison Litigation Reform Act version of the ifp statute (former 28 U.S.C. § 1915(d), which only permitted sua sponte dismissal of frivolous and malicious claims) and the current version (28 U.S.C. § 1915(e)(2), which now mandates sua sponte dismissal not only of frivolous and malicious claims, but also claims that fail to state a claim), federal courts have held that district courts may sua sponte dismiss ifp complaints as time barred, when the defense is obvious from the face of the complaint. See, e.g., Jones v. Bock, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does (continued...)

Federal civil rights claims are subject to the forum state's statute of limitations applicable to personal injury claims. See Wilson v. Garcia, 471 U.S. 261, 279-80, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985); Owens v. Okure, 488 U.S. 235, 249, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989). At the time plaintiff lodged for filing his Complaint herein, California's statute of limitations for personal injury claims was two years, as set forth in Cal. Civ. Proc. Code § 335.1.

Federal law, however, determines when a claim accrues, and when the applicable limitations period begins to run. See Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991), cert. denied, 502 U.S. 1091 (1992); Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir. 1986), cert. denied, 479 U.S. 1054 (1987); Venegas v. Wagner, 704 F.2d 1144, 1145 (9th Cir. 1983). A cause of action accrues under federal law as soon as a potential claimant either is aware or should be aware of the existence and source of his injury. See Lee v. United States, 809 F.2d 1406, 1410 (9th Cir. 1987), cert. denied, 484 U.S. 1041 (1988); Bagley, 923 F.2d at

---

[1](...continued)
not make the statute of limitations any less an affirmative defense, see Fed. Rule Civ. Proc. 8(c)."); Alexander v. Fletcher, 2010 WL 737262, *1 (3d Cir. March 4, 2010) (citable per Fed. R. App. P. 32.1); Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir.), cert. denied, 549 U.S. 1059 (2006); Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 956 (4th Cir. 1995), cert. denied, 516 U.S. 1177 (1996); Pino v. Ryan, 49 F.3d 51, 53-54 (2d Cir. 1995); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994); Johnson v. Rodriguez, 943 F.2d 104, 107 (1st Cir. 1991), cert. denied, 502 U.S. 1063 (1992); Franklin v. Murphy, 745 F.2d 1221, 1229-30 (9th Cir. 1984); Turner v. Metropolitan Transit System, 2009 WL 4049155, *2 (S.D. Cal. Nov. 20, 2009); Plitt v. Gonzalez, 2009 WL 2905887, *4 (E.D. Cal. Sept. 8, 2009); Wills v. Tilton, 2009 WL 256592, *3 (E.D. Cal. Feb. 3, 2009); Ransom v. Westphal, 2009 WL 224898, *2-*3 (E.D. Cal. Jan. 29, 2009); Muhammad v. San Diego County Sheriff's Dep't, 2007 WL 3306071, *3-*4 (S.D. Cal. Nov. 2, 2007); Roman v. Adams, 2007 WL 3046021, *3-*4 (S.D. Cal. Oct. 18, 2007); Davis v. Garcia, 2007 WL 2406895, *2-*3 (S.D. Cal. Aug. 20, 2007); Lane v. Department of Corrections, 2007 WL 2345030, *3-*4 (S.D. Cal. Aug. 15, 2007); McCornell v. Cruz, 2007 WL 1974917, *3 (S.D. Cal. June 21, 2007).

1 | 760.

2 | Here, it appears from the face of the Complaint that plaintiff's federal civil
3 | rights claims accrued on November 18, 2008.

4 | Federal courts must give effect to a state's tolling provisions, including the
5 | tolling of a state statute of limitations during imprisonment. See Hardin v. Straub,
6 | 490 U.S. 536, 543-44, 109 S. Ct. 1998, 104 L. Ed. 2d 582 (1989); Marks v. Parra, 785
7 | F.2d 1419, 1419-20 (9th Cir. 1986). In Elliott v. City of Union City, 25 F.3d 800 (9th
8 | Cir. 1994), the Ninth Circuit held that the statute of limitations had been tolled by the
9 | plaintiff's arrest and incarceration. At the time Elliot was decided (i.e., March 1994),
10 | Cal. Civ. Proc. Code § 352(a)(3) provided for the tolling of statutes of limitations for
11 | the period of time the plaintiff was "imprisoned on a criminal charge." The Ninth
12 | Circuit held that this tolling provision was triggered by the plaintiff's arrest and
13 | incarceration. See Elliott, 25 F.3d at 802-03. However, in September of 1994,
14 | subsequent to the Elliot decision, the California legislature enacted an amendment to
15 | § 352 which deleted the provision whereby the statute was tolled indefinitely while
16 | the plaintiff was continuously imprisoned. Concurrently, the legislature enacted Cal.
17 | Civ. Proc. Code § 352.1(a), which contains the same language as former § 352(a)(3),
18 | but expressly limits the tolling to a period not exceeding two years.

19 | Here, it appears from the face of the Complaint that plaintiff is entitled to
20 | tolling of the limitations period from the date his claims accrued until November 22,
21 | 2008, when plaintiff alleges he was released from County Jail.

22 | Accordingly, it appears that the limitation period for plaintiff's federal civil
23 | rights claims lapsed on November 22, 2010, which was over three months prior to the
24 | date the Complaint was lodged for filing.

25 |

26 | **B.   The allegations of the Complaint are insufficient to state a state tort claim.**
27 | Several of the claims for relief alleged in the Complaint purport to be state law
28 | tort claims. To the extent that the statute of limitations applicable to plaintiff's state

law tort claims is the same two-year statute of limitations applicable to his federal civil rights claims, those claims also appear on their face to be time-barred.

      Moreover, to the extent that these state tort claims purport to be brought against "a public employee or former public employee for injury resulting from an act or omission in the scope of [her] employment as a public employee," it appears to the Court that they are subject to Cal. Gov't Code § 950.2 of California's Government Claims Act (the "Act"). Pursuant to that statute, the submission of a claim against the employing public entity in accordance with the provisions of the Act is a condition precedent to a tort action against the employee. See Williams v. Horvath, 16 Cal. 3d 834, 838, 129 Cal. Rptr. 453, 548 P.2d 1125 (1976); Harman v. Mono General Hospital, 131 Cal. App. 3d 607, 613, 182 Cal. Rptr. 570 (1982); Moyer v. Hook, 10 Cal. App. 3d 491, 492, 89 Cal. Rptr. 234 (1970). Thus, if a claim against the employing public entity is barred under the Act, plaintiff's state tort claims against the employee also are barred. See, e.g., Willis v. Reddin, 418 F.2d 702, 704 (9th Cir. 1969); Fisher v. Pickens, 225 Cal. App. 3d 708, 718, 275 Cal. Rptr. 487 (1990). Under Cal. Gov't Code § 911.2, it was incumbent upon plaintiff to present his state tort claims in accordance with Cal. Gov't Code § 915 not later than six months after the accrual of his causes of action. Cal. Gov't Code § 945.6 provides two alternative statutes of limitation for causes of action under the Act where a claim filed with a public entity has been rejected. If the public entity gives written notice of rejection of the claim in accordance with § 913, the statute of limitations is six months from the day such notice is personally delivered or deposited in the mail. If such notice is not given in compliance with § 913, the statute of limitations is two years from accrual of the cause of action.

      Here, plaintiff conclusorily alleges in Section II of the Complaint that he "has complied with Exhaustion Period pursuant to California Government Tort Liability Act Section 911.2; 945.6(a); 945.6(a)(1); and 913." However, in Willis, 418 F.3d at 704, the Ninth Circuit held that the timely filing of claims and actions in accordance

with the provisions of the Act "are more than procedural requirements." Rather, "[t]hey are elements of the plaintiff's cause of action and conditions precedent to the maintenance of the action." California courts likewise have held that, in order to state a claim under the Act, the plaintiff must allege facts sufficient to demonstrate or excuse compliance with the filing provisions of the Act. See, e.g., State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1245, 13 Cal. Rptr. 3d 534, 90 P.3d 116 (2004); Sofranek v. Merced County, 146 Cal. App. 4th 1238, 1246, 53 Cal. Rptr. 3d 426 (2007) (same). The Court finds that plaintiff's conclusory allegation here is insufficient to satisfy his burden of pleading compliance with the filing provisions of the Act.

*******************

If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint within 30 days of the date of this Order, remedying the deficiencies discussed above. The First Amended Complaint should bear the docket number assigned in this case, be labeled "First Amended Complaint," and be complete in and of itself without reference to the original complaint or any other pleading, attachment or document. **Plaintiff is admonished that, if he fails to timely file a First Amended Complaint, the Court will recommend that this action be dismissed with prejudice on the grounds set forth above and/or for failure to diligently prosecute.**

DATED: March 24, 2011

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE